UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDY LABRADA-ARGIBAY,

Petitioner,

v.

ROBERT LYNCH et al.,

Respondents.

Case No. 1:26-cv-2547

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.11.) In an order entered on September 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.)

Respondents filed their response and a recording of the December 8, 2025, bond hearing on September 21, 2026 (Resp., ECF No. 6; Recording of Dec. 8, 2025, Bond Hearing, filed on Sep. 21, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Cuba who entered the United States in 2022. Op., *Andy Labrada-Argibay v. Robert Lynch* (*Labrada-Argibay I*), No. 1:25-cv-1448 (W.D. Mich. Dec. 2, 2025) (ECF No. 6). On September 24, 2025, Petitioner was arrested by ICE agents. *Id.*

On November 13, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Labrada-Argibay I*. In *Labrada-Argibay I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Labrada-Argibay I* (W.D. Mich. Dec. 2, 2025) (ECF Nos. 6, 7).

On December 8, 2025, Petitioner received a bond hearing pursuant to § 1226(a). Op., *Andy Labrada-Argibay v. Kevin Raycraft* (*Labrada-Argibay II*), No. 1:26-cv-2015 (W.D. Mich. Jul 23, 2026) (ECF No. 6). At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond in a written order, concluding: "[Petitioner] is a flight risk as he has an Order of Removal from the United States with any appeal due by December 31, 2025." *Id.*

Petitioner sought a custody redetermination hearing on February 11, 2026, but the Immigration Judge found that Petitioner had not provided sufficient evidence of changed circumstances to warrant a new bond hearing. (Pet., ECF No. 1, PageID.1.)

On July 7, 2026, Petitioner filed his second § 2241 petition challenging his December 8, 2025, bond hearing in *Labrada-Argibay II*. In *Labrada-Argibay II*, the Court dismissed Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Op. & Jud., *Labrada-Argibay II*, (W.D. Mich. Jul 23, 2026) (ECF Nos. 6, 7).

**III. Discussion**

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on December 8, 2025. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that Petitioner is a flight risk. Op., *Labrada-Argibay II*, (W.D. Mich. Jul 23, 2026) (ECF No. 6.) In the present § 2241 petition, Petitioner "accepts those rulings for purposes of the relief now requested." (Pet., ECF No. 1, PageID.6.) Petitioner now claims that his detention has become "unreasonably prolonged" and that material circumstances have changed since Petitioner last requested a custody redetermination hearing. (*Id.*, PageID.2.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 6, PageID.114–117.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because

"the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Further, although Petitioner claims that his detention has become unreasonably prolonged and that circumstances have changed materially since Petitioner last requested a custody redetermination hearing, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as

applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[1]

Dated: September 28, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[1] Because the Court will dismiss Petitioner's § 2241 petition as set forth herein, Petitioner's motion seeking to expedite consideration (ECF No. 2) is moot.